I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ PTT (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3.25.13

[signature]
DEPUTY CLERK

*Copy also sent to Office of the F.P.D. Attn: Sean Kennedy

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
MAR 25 2013
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. MENA, Petitioner, vs. DAVID A. LONG, Respondent. | Case No. EDCV 13-0490-CJC (RNB) ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND APPOINTING COUNSEL FOR PETITIONER |

**Order Dismissing Petition with Leave to Amend**

Petitioner is a California prisoner currently confined at Ironwood State Prison in Blythe. On March 18, 2013, he purported to file herein a Petition for Writ of Habeas Corpus by a Person in State Custody. Petitioner purports to be challenging a murder conviction sustained in San Bernardino County Superior Court pursuant to petitioner's guilty plea on a date "unknown," for which petitioner received a 10-year sentence. As best the Court can determine from the Petition and accompanying Memorandum of Point and Authorities, petitioner is seeking to set aside his guilty plea based on the ineffective assistance of his trial counsel. In addition to claiming that his trial counsel rendered ineffective assistance, petitioner is claiming that, after the Superior Court granted him a certificate of probable cause to appeal, his appointed appellate counsel rendered ineffective assistance by filing what is known in

California as a Wende brief that raised no specific issues.

The Court's review of the Petition reveals that it suffers from the following pleading deficiencies.

First, although petitioner indicates he was convicted of murder, it appears from the only California Court of Appeal opinion that the Court has been able to locate that appears to relate to petitioner, in terms of (a) the same first name, the same middle initial, and the same surname, (b) the same Superior Court and the same sentence, (c) the same appellate court, (d) the same procedural background, and (e) the same general time frame, indicates that petitioner actually was convicted pursuant to his guilty plea of five counts of lewd and lascivious acts on a minor by use of force or violence. (See October 3, 2012 Opinion of Fourth Appellate District, Division Two, in Case No. E055404, attached hereto.)

Second, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, the Court notes that attached as Exhibit C to the Petition is a copy of the California Supreme Court's order denying petitioner's habeas petition raising the same ineffective assistance of trial counsel and appellate counsel claims that petitioner is alleging herein. In its denial order, the California Supreme Court cited People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Swain, 34 Cal. 2d

300, 304 (1949). Those citations signify that the California Supreme Court did not reach the merits of petitioner's claims, but instead denied the petition due to its procedural deficiencies. Specifically, the Duvall citation signified that petitioner's claims had not been presented with sufficient particularity and supporting documentary evidence. See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003), abrogated on other grounds by Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). Likewise, the Swain citation signified that the habeas petition was being denied for failure to allege with particularity the facts that form the basis of the claims for relief. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc), cert. denied, 420 U.S. 973 (1975). The Court is mindful that, in Kim, 799 F.2d at 1319-20, the Ninth Circuit held that a state court's denial of a habeas petition for lack of particularity does not necessarily establish that state remedies have not been exhausted. Rather, fair presentation requires only that the claims be pled with as much particularity as is practicable, and it is incumbent on the federal court to independently examine the petitioner's state habeas petition to make this determination. See id. at 1320. Here, however, based on its review of the statement of petitioner's claims in the attachment to petitioner's California Supreme Court habeas petition, a copy of which is attached as Exhibit B to the Petition, the Court is inclined to concur with the California Supreme Court's determination and find that petitioner has not exhausted his state remedies with respect to either of his grounds for relief.

Third, even if the Court were inclined to find that petitioner did present his ineffective assistance of trial counsel claims to the California Supreme Court with sufficient particularity to render them exhausted for federal habeas purposes, it appears that petitioner's guilty plea may preclude him from raising at least some of those claims under the holding and reasoning of Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he

is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").[1] See, e.g., Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (as amended) (holding that Tollett foreclosed pre-plea ineffective assistance of counsel claim based on the failure to attempt to prevent the use of the petitioner's confession), cert. denied, 516 U.S. 976 (1995).

Fourth, even if the Court were inclined to find that petitioner did present his ineffective assistance of appellate counsel claim to the California Supreme Court with sufficient particularity to render it exhausted for federal habeas purposes, to the extent petitioner appears to be contending that his appellate counsel should have raised the ineffective assistance of trial counsel claims that petitioner is alleging herein, it appears to the Court that petitioner has failed to state a claim upon which habeas relief may be granted for the following reason. Petitioner's ineffective assistance of trial counsel claims appear to require consideration of factual matters outside the record and therefore could not have been raised on appeal, but rather would have had to be raised in a habeas petition. Petitioner did not have a constitutional right to counsel for purposes of filing a state habeas petition. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further").

For the foregoing reasons, the Petition is dismissed with leave to amend.

---

[1] Although the Supreme Court held in Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), that the ineffective assistance of counsel standard enunciated in Strickland applied to challenges to guilty pleas based on ineffective assistance of counsel, Hill did not abrogate Tollett, but rather merely expanded on it. Likewise, although the Supreme Court reiterated this past term in Lafler v. Cooper, - U.S. -, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012) and Missouri v. Frye, - U.S. -, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012), that the Strickland standard applies to challenges to guilty pleas based on ineffective assistance of counsel, neither decision purported to abrogate the Tollett rule.

**Order Appointing Counsel for Petitioner**

The Court notes that petitioner's prayer for relief includes a request for the appointment of counsel due to petitioner's indigency and his "3rd grade level mentality" (which petitioner maintains is substantiated by Exhibit A to the Petition).

Habeas Rule 8(c) and 18 U.S.C. § 3006A(a)(2)(B) empower the Court to appoint counsel at any stage of a habeas proceeding "if the interests of justice so require." Here, after duly considering the unlikelihood of (a) petitioner being able to comprehend the procedurally complex issues discussed above and (b) petitioner being able to rectify the pleading deficiencies of the Petition discussed above, the Court has concluded that the interests of justice in the case would be served by the appointment of counsel for petitioner. Accordingly, the Court will invoke its authority under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and appoint the Office of the Federal Public Defender as counsel for petitioner.

The clerk is directed to serve a copy of this Order on the Office of the Federal Public Defender, Attn: Sean Kennedy, along with a copy of the Petition.

Further, IT IS HEREBY ORDERED as follows:

1. Within fourteen (14) days of the service date of this Order, the assigned Deputy Public Defender shall e-file a Notice of Appearance.

//

//

//

//

//

//

//

//

//

2. Within sixty (60) days of the service date of this Order (subject to any reasonable extensions sought and granted), the assigned Deputy Public Defender shall (a) complete his/her investigation of petitioner's situation, (b) consult with petitioner, and (c) file either a First Amended Petition rectifying the deficiencies of the Petition, if petitioner still desires to pursue this action, or a notice of voluntary dismissal.

DATED: March 21, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

Filed 10/3/12 P. v. Mena CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055404 |
| v. | (Super.Ct.No. FSB1103706) |
| ARMANDO JACINTO MENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Richard V. Peel, Judge. Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Armando Jacinto Mena was charged by information with 11 counts of lewd and lascivious acts upon a minor. (Pen. Code, § 288, subd. (a), counts

1-11.)[1] The information also alleged that there were multiple victims, within the meaning of section 667.61, subdivisions (b) and (e). The information was subsequently amended to add five counts of lewd and lascivious acts by use of force or violence. (§ 288, subd. (b)(1), counts 12-16.) Pursuant to a plea agreement, and against the advice of his counsel, defendant pled guilty to counts 12 through 16. In exchange, the trial court dismissed the remaining counts and sentenced defendant to 40 years in state prison, as agreed upon, and awarded 139 days of presentence custody credits (121 actual days and 18 conduct).

Defendant filed a handwritten notice of appeal on January 11, 2012, requesting a certificate of probable cause. On January 20, 2012, an amended notice of appeal was filed by counsel on behalf of defendant. The notice included a request for certificate of probable cause, which alleged that defendant was challenging the validity of his plea because he believed he did not receive good advice from his counsel regarding the plea and sentence. The trial court granted the request for certificate of probable cause. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and his wife got into an argument one night. Defendant's wife left the house and took her two minor daughters with her. Her daughters then told her that defendant, who was their stepfather, had been sexually abusing them for several years. They also told her that defendant had been sexually abusing their cousin, as well.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

Defendant's wife confirmed with their cousin that defendant had been sexually abusing her. The cousin's father contacted the police and drove the three girls to the police station to be interviewed.

Defendant was charged with and admitted that he committed lewd and lascivious acts by use of force or violence. (§ 288, subd. (b)(1).)

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, but no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We note counsel's assertion that the record contains a clerical error. Counsel states that, since the oldest complaining witness had reached the age of 18 at the time of judgment, the court's order pursuant to section 1202.05, subdivision (a), prohibiting visitation between defendant and the victims, "should not have extended to this person." Section 1202.05, subdivision (a), provides that, whenever a person is sentenced to prison and the victim is a child under the age of 18 years, the court "shall prohibit all visitation between the defendant and the child victim." Accordingly, the court here ordered that "all visitation be prohibited between the defendant and the *child victims* in this matter." (Italics added.) Since the oldest victim was 18 years old at the time of judgment, the order did not apply to her. Thus, there is no apparent error in the order.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

KING
J.