**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO J. MENA,<br><br>        Petitioner,<br>   v.<br><br>DAVID A. LONG,<br><br>        Respondent. | Case No. ED CV 13-00490 CJC (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the records on file, the Report and Recommendation of United States Magistrate Judge, petitioner's objections to the Report, and respondent's response to the objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which petitioner has made objections.

The crux of the First Amended Petition is that petitioner's guilty plea to multiple counts of forcible lewd acts on a child was involuntary because he lacked real notice of the critical element of "force." For the following reasons, petitioner's objections to the Report do not warrant a change in the Magistrate Judge's recommendation that the First Amended Petition be denied that this action be dismissed with prejudice.

First, petitioner argues that it the California Supreme Court's fact-finding process was defective under 28 U.S.C. § 2254(d)(2) because it rejected petitioner's claims without first permitting further development of the state court record. (Objections at 2.) "In some limited circumstances," a state court's "failure to hold an evidentiary hearing may render its fact-finding process unreasonable under § 2254(d)(2)." *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012). "But we have never held that a state court must conduct an evidentiary hearing to resolve every disputed factual question; such a per se rule would be counter not only to the deference owed to state courts under AEDPA, but to Supreme Court precedent." *Id.* "A state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question." *Id.* In light of the evidence already adduced in the state court record, as discussed in detail in the Report, it was not objectively unreasonable for the California Supreme Court to reject petitioner's claims without further development of the record.

Second, petitioner argues that it would have been objectively unreasonable for the California Supreme Court to presume from petitioner's plea form that he had real notice of the force element because the plea form contained an important error. (Objections at 3.) The error, which is undisputed, is that the sentencing range for the offense to which petitioner pled guilty was written incorrectly on the plea form as three, six, or eight years. (Clerk's Transcript ["CT"] 170 at ¶ 3.) The trial court repeated this error about the sentencing range during the plea colloquy. (Reporter's Transcript ["RT"] 33.) In fact, the correct sentencing range for the offense to which petitioner pled guilty, forcible lewd on a child, is five, eight, or ten years. *See* Cal. Penal Code § 288(b)(1). This error, however, could not have confused petitioner about the nature of the charge, because on the same plea form, next to the misstatement about the sentencing range, is a correct citation to § 288(b)(1), as well

as a correct description of the offense as "forcible lewd act on child." (CT 170 at ¶ 3.) Nothing in the record before the California Supreme Court suggests that the misstated sentencing range was relevant to petitioner's understanding of the nature of the charge. Indeed, the sentencing range, which was only hypothetical, appeared to play no role in petitioner's decision to plead guilty because he had negotiated a total sentence of forty years before entering his plea, and because the plea form elsewhere affirmed that he was to be sentenced to forty years. (RT 33; CT 171 at ¶ 9.)[1]

Third, petitioner argues that it would have been objectively unreasonable for the California Supreme Court to presume that petitioner had real notice of the force element in light of his "mental impairment." (Objections at 4.) The record before the state courts, however, did not contain any evidence of petitioner having a mental impairment. Rather, it reflected that he had a low literacy level, shown by petitioner's score of 3.2 on the Test for Adult Basic Education. (ECF No. 1 at 15; Lodgment 8 at 95.) Notwithstanding petitioner's low literacy level, it would not have been objectively unreasonable to presume that he had real notice of the charge because his trial counsel explained, and the Spanish-language interpreter translated, the entire contents of the plea form to him, including the fact that he was pleading guilty to five counts of "forcible lewd act on child" under Cal. Penal Code § 288(b)(1). (CT 170 at ¶ 3 and 171 at ¶¶ 19, 22.) Nothing in the record suggests that this process required reading. Petitioner has not explained how his low literacy level would have prevented him from understanding the contents of the plea form when they were explained and translated to him.

---

[1] Respondent also points out that the plea form clearly stated that petitioner was pleading guilty to a "violent" felony, which would have given petitioner further notice of the force element. (CT 171 at ¶ 10.) The Court is not persuaded by this fact because the identification of the offense to which petitioner pled guilty as a violent felony did not differentiate it from the original charges of non-forcible lewd acts, which also are violent felonies. *See* Cal. Penal Code § 667.5(c)(6).

1	Fourth, petitioner argues that it would have been objectively unreasonable for
2	the California Supreme Court to reject his claim of ineffective assistance of trial
3	counsel, based on trial counsel's failure to explain the nature of the charge to him.
4	(Objections at 7-8.)  In particular, petitioner argues that the Court improperly relied
5	on the Tenth Circuit's decision in *Miller v. Champion*, 161 F.3d 1249 (10th Cir.
6	1998), to apply a test for deficient performance.  Although circuit authority cannot
7	be relied upon to grant relief under the AEDPA, it can serve as persuasive authority
8	for purposes of determining whether a particular state court decision is an
9	unreasonable application of Supreme Court law, and may help determine what law
10	is clearly established.  *Robinson v. Ignacio*, 360 F.3d 1044, 1057 (9th Cir. 2004).
11	The Court did not misapply circuit authority in this context.  As respondent points
12	out, petitioner has not shown that *Miller* is contrary to Supreme Court precedent.
13	Moreover, this objection goes only to deficient performance, but petitioner raises no
14	objection to the Court's conclusion that he had failed to show prejudice, which by
15	itself is enough to defeat his claim of ineffective assistance of trial counsel.

16	Fifth, petitioner argues that the Court improperly analyzed his claim of
17	ineffective assistance of appellate counsel.  (Objections at 9-10.)  Petitioner argues
18	that appellate counsel was ineffective for filing a *Wende* brief despite the fact that
19	the trial court had earlier issued a certificate of probable cause — thereby
20	permitting him to challenge his guilty plea on appeal — for his claim that "he did
21	not receive good advice from his trial attorney regarding his plea and sentence."
22	(CT 198.)  In *Delgado v. Lewis*, 223 F.3d 976, 981 (9th Cir. 2000), the Ninth
23	Circuit remarked that it would be "unusual" for appellate counsel to file a *Wende*
24	brief after a certificate of probable cause had been issued.  But in *Delgado*, the
25	prisoner also had "very viable appellate issues."  *Id.*  Here, the claim for which
26	petitioner received a certificate of probable cause, ineffective assistance of trial
27	counsel, was not similarly viable.  For the reasons discussed in the Report, there
28	was no reasonable probability that, but for trial counsel's failure to give good

advice regarding the plea and sentence, petitioner would have rejected the plea offer and insisted on going to trial. (Report at 23-24.) It was trial counsel, not petitioner, who insisted on going to trial. By all accounts, petitioner was determined to plead guilty and ignore trial counsel's advice to go to trial. As noted, petitioner does not object to the Court's determination that, based on these circumstances, he had failed to show prejudice for purposes of his *Strickland* claim.

Relatedly, petitioner argues that the Court should not have presumed in the Report that, because his proposed appellate claims would have failed under the stringent AEDPA standard of review, they necessarily would have failed had appellate counsel raised them under a less-stringent standard on direct appeal. Petitioner has not shown that this distinction would have made any difference. Under California law, a claim by appellate counsel on direct appeal that petitioner lacked real notice of the charge would have failed because, for the same reasons discussed in the Report, the record before the state courts would have permitted a reasonable presumption that petitioner had real notice of the force element. *See In re Ronald E.*, 19 Cal. 3d 315, 324 (1977) (noting that there is no compulsion that the record show an explanation of the technical elements of the offense; it is sufficient that the record fairly demonstrates that the defendant knowingly admitted to having engaged in a detailed course of conduct which constituted the violation), *overruled on another ground by People v. Howard*, 1 Cal. 4th 1132, 1175-78 (1992); *People v. Dolliver*, 181 Cal. App. 3d 49, 61 (1986) ("The law does not require that an express discussion of the elements of the offense be contained in the transcript nor even an express statement that the elements have been discussed with counsel.").

In sum, petitioner's objections are overruled.

//
//
//

//

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) petitioner's request for an evidentiary hearing is denied; and (3) Judgment shall be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: March 29, 2017

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE